**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                          :
LORRAINE D'ALESSANDRO,                    :
                                          :
        Plaintiff,                        :            Civil Action No. 09-1115 (JAP)
                                          :
                v.                        :            **OPINION**
                                          :
THE HARTFORD LIFE AND ACCIDENT            :
INSURANCE CO.,                            :
                                          :
        Defendant.                        :
_____:

PISANO, District Judge.

This matter comes before the Court upon the motion of Defendant, The Hartford Life and

Accident Insurance Company ("Hartford"), to dismiss Counts II, III, and IV of Plaintiff, Lorraine

D'Alessandro's, Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons

discussed below, Defendant's Motion to Dismiss is granted.

## I.      BACKGROUND

Prior to September 2005, Plaintiff was an employee of American International Group

("AIG").  (Oehlmann Certification ("Cert."); Compl. Count I ¶ 5.)  As an AIG employee, she was

entitled to receive long-term disability insurance coverage through a group policy provided by the

Defendant.  (*Id.*)

Plaintiff became disabled in or around September 2005.  (*Id.* ¶ 7.)  Because she was unable

to perform her employment functions, Plaintiff applied for and was awarded, short-term disability

1

benefits from AIG.  (*Id.*)  Despite her efforts, Plaintiff could not return to work and she therefore applied for long-term disability benefits pursuant to the group policy provided by the Defendant. (*Id.* ¶ 8.)  Initially, Plaintiff was awarded the benefits because she was disabled under the terms of the policy since "she was limited in her ability to perform the material and substantial duties of her regular occupation due to sickness or injury."  (*Id.* ¶ 6.)  However, on or about June 17, 2008, the Defendant determined that Plaintiff was no longer disabled under the definition stated above and accordingly terminated her long-term disability benefits.  (*Id.* ¶ 9.)

Pursuant to the policy's procedures, Plaintiff appealed from the denial of her benefits which was denied by Defendant in a letter dated September 29, 2008.  (*Id.* ¶¶ 10, 11.)  Shortly thereafter, Plaintiff filed a four-count Complaint against Defendant in the Superior Court of New Jersey, Law Division, Monmouth County asserting: (1) a violation of § 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B); (2) a breach of contract claim; (3) a claim predicated on bad faith and willful misconduct of the Defendant; and (4) a violation of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*.  (*Id.* ¶ Count I 16, Count II ¶ 2, Count III ¶ 2, Count IV ¶¶ 2, 3.)  Defendant removed the action to this Court on March 12, 2009 (docket entry #1).[1]  On April 2, 2009, Defendant moved to dismiss Counts II-IV of the Complaint on the theory that the asserted state law causes of action are preempted by ERISA.[2]

_____

[1]Plaintiff's Motion to Remand to State Court was denied in an Order dated April 29, 2009 (docket entry # 15).

[2]Defendant also argues that Plaintiff's demand for a jury trial on Count I, the ERISA violation, should be stricken.  (Def.'s Br. p. 6).  The Court agrees with Defendant because the Third Circuit has held "that no jury trial is required in suits under § 502(a)(1)(B) by a beneficiary or participant against a trustee."  *Turner v. CF & I Steel Corp.*, 770 F.2d 43, 47 (3d Cir. 1985); *Killian v. Johnson & Johnson*, No. 07-4902, 2008 U.S. Dist. LEXIS 6329, at *10 (D.N.J. Jan. 29, 2008).

## II.    DISCUSSION

### A.    Standard of Review

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  Refashioning the appropriate standard, the United States Supreme Court found that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]" (internal quotation marks omitted)). Therefore, for a complaint to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."  *Twombly*, 127 S. Ct. at 1965 (internal citations and footnote omitted).

### B.    Legal Analysis

The main issue before the Court is whether or not Plaintiff's state law claims are preempted by ERISA.  The goal behind ERISA's preemption provision, set forth in 29 U.S.C. § 1144(a) (ERISA § 514(a)), is to provide a uniform body of laws governing pension and benefit administration in order to reduce the administrative and financial burdens of complying with conflicting state and federal laws.  *IngersollRand Co. v. McClendon*, 111 S. Ct. 478, 484 (1990).

Thus, ERISA § 514(a) "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). Under the preemption provision, the definition of state law includes "all laws, decisions, rules, regulations, or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). The scope of ERISA's preemption clause is broad and the United States Supreme Court has stated that "a law relates to an employee welfare plan if it has 'a connection with or reference to such a plan.'" *FMC Corp. v. Holliday*, 498 U.S. 52, 58 (1990) (quoting *Shaw v. Delta Air Lines*, 463 U.S. 85, 96-97 (1983)).

In Count II of her Complaint, Plaintiff asserts a state law breach of contract claim based on Defendant's "refusal to pay benefits [to her], notwithstanding her continued status as being totally and permanently disabled." (Oehlmann Cert.; Compl. Count II ¶ 2.) As a result of this breach of contract, Plaintiff claims that she has suffered damages and will continue to suffer until the benefits expire under the policy. (*Id.* ¶ 4.) However, the Court finds that Count II must be dismissed because ERISA preempts the state law breach of contract claim since Plaintiff is essentially seeking to claim benefits under the long-term disability plan. *See Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266, 278 (3d Cir. 2001) ("suits against HMOs and insurance companies for denial of benefits, even when the claim is couched in terms of common law negligence or breach of contract, have been held to be preempted by § 514(a)."); *Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989) (finding that ERISA preempts a state law breach of contract claim which has 'connection with or reference to' ERISA covered plan); *Weinstein v. Paul Revere Ins. Co.*, 15 F. Supp. 2d 552, 559 (D.N.J. 1998) (finding state law claims are preempted by ERISA if such claims "relate to" an employee benefit plan covered by ERISA.").

Similarly, Count III, in which Plaintiff claims that Defendant's decision to pay only a portion

of the disability benefits was in bad faith, is preempted by ERISA.  In *Weinstein v. Paul Revere Ins. Co.* the plaintiff asserted a bad faith denial of insurance claim to recover benefits and to enforce her rights under the plan.  15 F. Supp. 2d at 559.  Since the claims related to her rights under the plan, the district court determined that they were preempted by ERISA.  *Id.*  As such, in the case at bar, the Court finds that the Plaintiff's claims are preempted by ERISA because Plaintiff's claim relates to the denial of benefits under the Defendant's plan.  Accordingly, Count III is also dismissed.

Finally, in Count IV, Plaintiff asserts a claim under the New Jersey Consumer Fraud Act ("NJCFA") on the grounds that:

> Defendant engaged in the act, use or employment of unconscionable commercial practices, deception, fraud, false pretense, false promise, misrepresentation and the knowing concealment, suppression or omission of material fact and otherwise engaged in activities enumerated or described in the New Jersey Consumer Fraud Act . . . in connection with the sale and marketing of a policy of insurance to the plaintiff, and to the plaintiff's employer, and with the subsequent performance by the defendant in the delivery of benefits due to the plaintiff under that policy of insurance.

(Oehlmann Cert.; Compl. Count IV ¶ 2.)

To adequately state a NJCFA claim, "a plaintiff must allege 'three elements: (1) unlawful conduct . . .; (2) an ascertainable loss . . .; and (3) a causal relationship between the defendants' unlawful conduct and the plaintiffs ascertainable loss.'" *Int'l Union of Operating Eng'r Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007) (quoting *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13 (App. Div. 2003)).  The Court finds that Plaintiff has failed to state a claim under NJCFA.  First, the Court finds that Plaintiff fails to plead the claim with particularity under Federal Rule of Civil Procedure 9(b) and New Jersey Court Rule 4:5-8 which require a party alleging fraud, to "state with particularity the circumstances constituting

fraud." Fed. R. Civil Pro. 9(b); N.J. Ct. R. 4:5-8 ("in all allegations of . . . fraud . . . particulars of the wrong, with dates and items if necessary, shall be stated insofar as practicable.") Plaintiff merely recasts the language of the NJCFA into her pleading without providing any factual support. Furthermore, Plaintiff fails to satisfy the *Twombly* standard. Although, under *Twombly,* the Complaint need not contain detailed factual allegations, Plaintiff provides no facts to support her claim under the NJCFA other than baldly asserting that Defendant's sale and marketing of the insurance policy to Plaintiff and her employer violated the Act.

Finally, the Court finds that Plaintiff's NJCFA claim is preempted by ERISA because the claim relates to the employee benefit plan since it requires reference to the policy. *See Beye v. Horizon Blue Cross Blue Shield of N.J., et al.*, 568 F. Supp. 2d 556, 569-70 (D.N.J. 2008) (finding that an NJCFA claim relating to benefits owed under an ERISA covered plan is preempted); *Wayne Surgical Ctr. v. Concentra Preferred Sys Inc.*, No. 06-928, 2007 U.S. Dist. LEXIS 61137, at *22 (D.N.J. Aug. 20, 2007) (finding that plaintiff's NJCFA cause of action was preempted because it required the Court to consider in detail the alleged underpayment of benefits under the a plan in order to properly address the claim). Specifically, in her Complaint Plaintiff states that the claim relates to the "performance by the defendant in the delivery of benefits due to the plaintiff under that policy of insurance" which would require interpretation of the policy. (Oehlmann Cert.; Compl. Count IV ¶ 2.) Accordingly, Plaintiff's NJCFA claim is dismissed.

## III.    CONCLUSION

For the reasons expressed above, the Court grants Defendant's Motion to Dismiss Counts II, III, and IV of the Complaint.  An appropriate order accompanies this Opinion.


                                                    /s/ Joel A. Pisano_____
                                                    JOEL A. PISANO, U.S.D.J.
Dated: May 1st, 2009


7